# Staunton.

## ACME LUMBER COMPANY V. MILLER.

### September 22, 1927.

1. INFANTS—*Contracts—Emancipated Infant Directing His Employer to Pay Seller of Automobile from His Accumulated Wages—Case at Bar.*—In the instant case plaintiff, an infant, collected part of his wages each month from his employer, defendant company, but permitted the greater part to accumulate in the hands of defendant company. Plaintiff purchased an automobile from the general manager of defendant company. Plaintiff knew that the automobile was the individual property of the manager and not the property of defendant. Plaintiff agreed that the sum to his credit with defendant should be applied by the manager on the price of the automobile, and that his wages in the future, except such sums as he might need, should be applied from month to month in payment of the automobile. This was done until he quit work some months after the purchase of the automobile, at which time he attempted to repudiate the contract on the ground that he was an infant, and returned the automobile to the building in which it had been kept before he bought it. It was clear from the testimony that plaintiff had been emancipated by his father and had authority to collect his wages.

   *Held:* That plaintiff having the right to collect his wages, it was immaterial whether the payment was made to him directly or to a third person at his request, and that a judgment for plaintiff for the money paid the manager by the defendant company at his request must be reversed.

2. INFANTS—*Contracts—Emancipation—Wages of Infant.*—An emancipated infant cannot collect his wages during infancy, and, after attaining his majority, repudiate his collections and collect them again.

Error to a judgment of the Circuit Court of Giles county, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Williams & Farrier*, for the plaintiff in error.

*W. B. Snidow*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

There is no conflict in the evidence in this case. In December, 1924, the Acme Lumber Company employed Porter H. Miller, who was then twenty years old, to work for it at its plant for an indefinite time at a price agreed on. He continued to work for the company when needed till the latter part of September, 1925. He collected part of his wages each month, but permitted the greater part of his wages to accumulate in the hands of the company. This accumulation amounted to about $237.50 on May 20, 1925. At that time, J. S. Taylor, who was the secretary, treasurer and general manager of the Acme Company, was the individual owner of an automobile which he had recently purchased for $500.00. Miller knew that the automobile was the individual property of Taylor and not the property of the Acme Company, and entered into negotiations with Taylor for its purchase. The parties agreed upon the price of $437.50 for the automobile, and Miller agreed that the sum of $237.50 then to his credit with the Acme Company should be applied by Taylor on the price of the automobile, and that his wages thereafter accruing, except such sums as he might need, should be similarly applied from month to month as they accrued, and this was done until he quit work in September, 1925, when the debt due by Miller to Taylor was discharged, leaving a balance of $9.24 on the books of the Acme Company due to Miller.

In September, 1925, some kind of accident happened to the truck of the Acme Company, which Miller was driving, and Taylor, as representative of the Acme Company, spoke to him sharply about it, at which Miller took offense and quit the employment of the company.   He thereupon, on the advice of his father, replaced the car in the shed or building where it had been kept before he bought it and notified Taylor of its return, and demanded of the Acme Company the return of the money which had been paid to Taylor for the car.   The Acme Company refused to pay, and this action was brought, resulting in a judgment in favor of Miller against the Acme Company for the full amount claimed by Miller, and to that judgment this writ of error was awarded.

Miller's father did not know of the purchase of the car until after he quit work for the company, when he "told him that as he was under twenty-one years of age when he bought it, he could repudiate the contract of purchase, and told him to take the car back, which he did, and returned the car by leaving it in the building in which it had been kept before he bought it," but it is clear from the testimony that Miller had been emancipated by his father and had authority to collect his wages.   His father has at no time claimed his wages or any part of them, and the present action was brought by the infant (Miller), suing by his father as his next friend, and when he attained his majority before trial, the action was continued in his own name.

[1, 2] Miller collected small sums from the Acme Company each month during his employment, both before and after the purchase of the automobile.   For these sums he makes no claim, but sues only for the sums paid Taylor at his request.   We can see no difference between the two classes of payments.   In

each instance the payment was lawful when made. Miller had the right to collect his wages, and it is immaterial whether the payment was made to him directly, or to a third person at his request. So long as his request to pay to Taylor remained unrevoked, the payments to the latter were valid. An emancipated infant cannot collect his wages during infancy, and, after attaining his majority, repudiate his collections and collect them again. If he could, no employer would pay him anything during his infancy. He has no such right in law or in morals.

The judgment of the trial court will be reversed, with costs to the plaintiff in error, and judgment will be entered in this court in favor of the defendant in error (Porter H. Miller) against the plaintiff in error (Acme Lumber Co.) for the sum of $9.24 with legal interest thereon from October 1, 1925, till payment, without costs.

*Reversed.*